IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION AT CHICAGO STATE OF ILLINOIS FOR COOK COUNTY

IN THE MATTER OF:               )   11CV5205
                                )   JUDGE GOTTSCHALL
                                )   MAG. JUDGE KEYS
JERRY E. HARRIS,                )
                                )
      PLANTIFF,                 )   DISCRIMINATION BASED ON TITLE
                                )   VII, OF THE AMERICAN WITH
                                    DISABILIIES ACT, AND THE
                                    GENETIC INFORMATION
                                    NONDISCRIMINATION IN
                                    EMPLOYMENT ACT

      Vs.                       )
                                )   FILED
AFRICAN METHODIST EPISCOPAL CHURCH,
BISHOP JOHN R. BRYANT, REVEREND THOMAS   AUG X 1 2011
M. HUGHES AND REVEREND J. LEON
THORN                           )   MICHAEL W. DOBBINS
                                    CLERK, U.S. DISTRICT COURT
      RESPONDENTS.

## JURISDICTION

The federal court has jurisdiction over this complaint because all of the parties reside in the same state, city, and county where all the actions complained about in this complaint occurred. The court also has statutory, and subject matter jurisdiction over all matters complained about in this complaint.



Jerry E. Harris
5140 So. Hyde Park Blvd. #21C
Chicago, IL 60615
(773) 682-0053

Y

# PLEADINGS

I. The respondents engaged in assaults upon the plaintiff by accusing the plaintiff of being an alcoholic because his parents were at one time were alcoholics and that the plaintiff was an alcoholic because alcoholism was passed on genetically, and voiced concerns that the plaintiff had genetic disorders. By doing so he intended to cause a harmful or offensive contact with the plaintiff or place him in imminent apprehension of such contact.

II. The respondents assaulted the plaintiff by extreme an outrageous intentionally or recklessly causing severe emotional distress to the plaintiff by assigning him to lesser assignments than other members of the ministerial staff and volunteers because of the plaintiff disability, causing the plaintiff to suffer severe and serious emotional distress.

III. The respondents assaulted the plaintiff with full knowledge that emotional harm would be done to the plaintiff because of their knowledge of the plaintiff disability in deliberate disregard of a high degree of probability that emotional distress would follow. By falsely accusing the plaintiff of sexual misconduct causing the plaintiff to suffer a loss of reputation and indignities.

IV. The respondents assaulted the plaintiff by carelessly violating the plaintiff confidentiality by sending a letter to Elder Thomas Hughes, responsible for pastoral assignment, and ministerial conduct stating the same false accusation and slandering the plaintiff character and reputation.

V. The respondents assaulted the plaintiff by violating his confidentiality by telling fellow church members and other clergy of the false an unsubstantiated sexual misconduct allegations causing abnormally dangerous harm to the mental health of the plaintiff.

## PRAYER FOR RELIEF

The plaintiff prays that the court award the plaintiff damages for the mental health damage to the plaintiff for the destruction of sixteen years of mental health progress made by the plaintiff that has been destroyed by the respondents. Their intentional infliction of emotional distress and their negligence disregard for the plaintiff health resulted in extreme damage to the plaintiff. The plaintiff prays that court orders the respondents to pay compensatory and punitive damages to the plaintiff in the amount of 32 million dollars.

Reverend Jerry E. Harris, Pro Se
5140 So. Hyde Park Blvd. # 21C
Chicago, Il 60615
(773) 682-0053)

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Jerry E. Harris**<br>5140 South Hyde Park Blvd.<br>21C<br>Chicago, IL 60615 | From: **Chicago District Office**<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

**CERTIFIED MAIL 7011 0110 0001 8769 9319** CP

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

received 5/11/11

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2011-03399 | **Catherine A. Harris,** Investigator | (312) 869-8097 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     5-6-11
**John P. Rowe,**
**District Director**     (Date Mailed)

Enclosures(s)

cc:    **AFRICAN METHODIST EPISCOPAL CHURCH**